**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT MACIOCE, on behalf of himself and all others similarly situated,<br><br>         Plaintiff,<br><br>    v.<br><br>HISENSE USA CORPORATION,<br><br>         Defendant. | Case No. 25-cv-01608 (PAE) (BCM) |

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

WHEREAS, Plaintiff Robert Macioce, on behalf of himself and all others similarly situated ("Plaintiff"), and Defendant Hisense USA Corporation ("Defendant" and collectively with Plaintiff, the "Parties") to the above-captioned case (the "Action"), are engaged in discovery proceedings;

WHEREAS, the Parties may be required in the course of discovery to produce or disclose confidential and/or proprietary business information, trade secret information, or other information that is non-public and sensitive in nature;

WHEREAS, good cause exists for entry of this Stipulated Confidentiality and Protective Order ("Stipulation");

WHEREAS, the entry of this Stipulation will expedite the flow of discovery material, facilitate prompt resolution of disputes over confidentiality, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, promote fair and expeditious resolution of this litigation;

THEREFORE, IT IS HEREBY STIPULATED and ORDERED that:

1.    This Stipulation shall govern the handling of all information, material, and

1

documents (as defined in Fed. R. Civ. P. 34(a)) disclosed during the course of the Action by any Party or by any non-party acting voluntarily or in response to Court-authorized discovery, including taking depositions, responding to interrogatories, responding to requests for admissions, and producing documents for inspection and copying ("Litigation Material").

      2.    As used herein:

      (a)    "Producing Party" shall mean any Party or any non-party producing Litigation Material.

      (b)    "Receiving Party" shall mean any Party or any non-party receiving Litigation Material.

      3.    Designation of Information as "Confidential" or "Highly Confidential—Attorney's Eyes Only." A Party or non-party may designate as "Confidential" any Litigation Material that the Producing Party (or counsel) reasonably and in good faith believes to be confidential, including, but not limited to, the following documents and tangible things produced or otherwise exchanged: personal, financial, and/or other sensitive and/or confidential consumer information, and commercial, proprietary, or other information that is non-public and sensitive in nature. A Party or non-party may designate as "Highly Confidential—Attorney's Eyes Only" any Litigation Material that the Producing Party (or counsel) reasonably and in good faith believes to be subject to confidentiality protection under the Federal Rules of Civil Procedure and/or applicable state or federal law, including but not limited to, personally identifiable information, trade secrets, research, development, customer lists, or commercially sensitive business or financial information. The protections conferred by this Stipulation cover not only "Confidential" material and "Highly Confidential—Attorney's Eyes Only" material (as defined above and, collectively, "Confidential/AEO"), but also (1) any information copied or extracted from Confidential/AEO

material; (2) all copies, excerpts, summaries, or compilations of Confidential/AEO material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential/AEO material. However, the protections conferred by this Stipulation do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise (aside from unauthorized disclosure). A Party or non-party may designate Confidential/AEO information as "Confidential" or "Highly Confidential—Attorney's Eyes Only" as follows:

(a)     Documents or other tangible Litigation Material may be designated by the Producing Party as "Confidential" or "Highly Confidential—Attorney's Eyes Only" by stamping or writing the word "Confidential" or "Highly Confidential—Attorney's Eyes Only" on the Litigation Material prior to the production of the documents or items.

(c)     Depositions or other testimony may be designated as "Confidential" or "Highly Confidential—Attorney's Eyes Only" by stating on the record at the deposition that the testimony is designated as "Confidential" or "Highly Confidential—Attorney's Eyes Only" or by making such designation by letter sent to counsel for all other Parties and the stenographer and videographer within thirty (30) days after notification from the court reporter that the transcript is available. Prior to the termination of this thirty (30) day period, the entire transcript shall be deemed to be presumptively "Confidential." After the thirty (30) days have passed, if the transcript has not been designated as "Confidential" or "Highly Confidential—Attorney's Eyes Only" by any party, the transcript shall no longer be considered Confidential except upon stipulation by the parties or Court order. The Party designating deposition testimony as "Confidential" or "Highly Confidential—Attorney's Eyes Only" is responsible for ensuring that the transcript (or the relevant portions thereof) is physically marked as "Confidential" or "Highly Confidential—Attorney's

3

Eyes Only" by the court reporter.

4.    <u>Disclosure of Confidential Information.</u>  All Litigation Material shall be used only in connection with the Action.  Litigation Material designated "Confidential" including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the Parties and shall not be disclosed to any other person, except:

(a)    the Court and persons assisting the Court in this Action, including court reporters and stenographic or clerical personnel engaged to transcribe and/or record any depositions or other proceedings in this Action;

(b)    the Parties' counsel, including in-house counsel, the employees of such counsel; and any persons employed or retained by such counsel for the purpose of assisting in the conduct of this Action (such as copying services, e-discovery vendors, graphic production services, mock jurors, paralegals, clerical assistants, or other litigation support services);

(c)    the Parties, including their parent companies, affiliates and subsidiaries; directors, officers, employees, or trustees of Parties; and any persons employed or retained by such Parties for the purpose of assisting in the conduct of this Action (such as copying services, e-discovery vendors, paralegals and clerical assistants);

(d)    subject to paragraph 9 herein, any person who, by agreement of the Parties, is retained to assist in mediating the claims in this Action and such mediator's employees;

(e)    subject to paragraph 9 herein, independent experts and consultants retained to assist counsel for the Parties in connection with this Action, and the employees of such experts and consultants who are assisting them in connection with their work in this matter;

(f)    persons who were the authors or original recipients of such documents;

(g)    such other persons as hereafter may be designated by written agreement of

all parties in this Action or by order of the Court; and

(h)    as provided in paragraph 19(a).

5.    <u>Disclosure of Highly Confidential—Attorney's Eyes Only Information.</u> With respect to all Litigation Material designated "Highly Confidential—Attorney's Eyes Only," including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the Parties and shall not be disclosed to any person except a person or entity enumerated in subparagraphs 4(a)-(b), and (d)-(h), above. Absent the express written consent of the Producing Party, Litigation Material designated "Highly Confidential—Attorney's Eyes Only" shall not be disclosed or communicated in any manner, either directly or indirectly, to persons or entities enumerated in in subparagraph 4(c) above. Accordingly, whenever any documents, information, or other materials designated as "Highly Confidential—Attorney's Eyes Only" are to be discussed or disclosed in a deposition, any Party claiming such confidentiality may exclude from the room any person who is not entitled to receive documents, information, or other things designated as "Highly Confidential—Attorney's Eyes Only."

6.    <u>Use of Litigation Material.</u> Nothing in this Stipulation shall prevent a party from any use of its own Litigation Material in any manner consistent with applicable law, including, but not limited to voluntarily de-designating its own Confidential/AEO material.  Any information produced or discovered in this litigation, whether or not designated Confidential or Highly Confidential-Attorney's Eyes, shall be used solely for purposes of this litigation, including appeals and retrials, subject to the restrictions of this Order.  No such information may be used for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings, unless that information has become publicly available without a breach of the terms of this Confidentiality Order.  Persons to whom and entities to which Confidential/AEO

information is furnished shall not disclose this Confidential/AEO information to any person not entitled under this Order to receive it. These restrictions on the use of Confidential/AEO information are applicable only to the use by the recipients of another person's or entity's Confidential/AEO information. Confidential/AEO information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.   Distribution of Confidential/AEO Information. Unless otherwise approved by the Parties in writing, Confidential/AEO information (including any summaries or extracts) shall not be disclosed to any persons or entities other than those enumerated in paragraph 4. Disclosure to any of the persons or entities enumerated in paragraph 4 shall be made solely for the purpose of evaluating, mediating, and/or litigating the claims in this Action.

8.   Inadvertent Production. If a document or other information is inadvertently produced without a confidentiality designation, the Producing Party may nevertheless assert the confidentiality designation or other information, and the Parties shall thereafter treat the document or other information as "Confidential" or "Highly Confidential—Attorney's Eyes Only," provided that such assertion be made promptly upon discovery of any inadvertent disclosure. After such an assertion, the Producing Party shall re-produce the same document or other information with the legend "Confidential" or "Highly Confidential—Attorney's Eyes Only" affixed to each copy. The Receiving Party shall make all reasonable efforts to ensure that every entity or individual to whom it has disclosed the document or other information, if any, is aware of the new designation and that the document or other information is replaced with a copy of the document or other information with the legend "Confidential" or "Highly Confidential—Attorney's Eyes Only" affixed.

9.   Acknowledgement. Before any disclosure of Confidential/AEO Litigation

Material (or notes, extracts, or summaries of such Confidential/AEO Litigation Material) is made to any of the entities or persons described in paragraph 4(d) and/or (e), a copy of this Stipulation must be provided to them and the person or a representative of the entity must execute an acknowledgement in the form of Exhibit A hereto. The original executed acknowledgement form shall be retained by counsel for the party sharing the "Confidential" information until the final termination of this Action, the date of which is set forth in paragraph 15.

11.     Documents Under Seal.  Any Party intending to file or use in Court any Litigation Material marked "Confidential," "Highly Confidential—Attorney's Eyes Only," or information contained in such Litigation Material shall follow the procedures set forth in section 4.B of Judge Engelmayer's Individual Rules and Practices in Civil Cases (or those set forth in the presiding Judge's Rules and Practices, if another judge is later assigned to this Action), and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions.

All material filed under seal shall be maintained separate from the public records in this Action and shall be released only upon further order of the Court.

12.     Documents Used In Court.  Any Confidential/AEO Litigation Material or information contained in such Litigation Material that is used in Court and not filed under seal:

(a)     shall be used only upon the written agreement of the Party or non-party that designated the document "Confidential" or "Highly Confidential—Attorney's Eyes Only" or by entry of an order by the Court; and

(b)     shall not constitute a waiver of any claim of confidentiality or privilege, or modify any party's rights or obligations under this Stipulation, with regard to the Litigation Material so used.

13.     Challenging a Confidential Designation.  Any Party may, at any time, provide

written notice to the Party or non-party that designated the Litigation Material as "Confidential" or "Highly Confidential—Attorney's Eyes Only" that the notifying Party does not concur in the designation of the Litigation Material as "Confidential" or "Highly Confidential—Attorney's Eyes Only." If the Party or non-party that made the designation does not agree to declassify such document or material within seven (7) days, the challenging Party may move the Court for an order changing the classification of, or declassifying, that Litigation Material.  Any materials attached to the motion or any materials summarizing the Confidential/AEO designation shall be filed under seal. During the pendency of such motion, such Litigation Material shall continue to be treated as "Confidential" or Highly "Confidential—Attorney's Eyes Only." The burden shall be on the designating Party or non-party to demonstrate that the documents or materials require continuing protection. The Party challenging the classification shall be entitled to file a reply to any opposition papers filed by the designating Party or non-party.

14.     <u>Subpoenas.</u>    If a Party in possession of Litigation Material designated Confidential/AEO that was so designated by another Party or non-party receives a subpoena from a non-party seeking production or other disclosure of material designated Confidential/AEO, it shall promptly give written notice to counsel for the Producing Party (and, if the designating Party is not the same entity, the designating Party as well), identifying the Confidential/AEO material sought and enclosing a copy of the subpoena, and provide the Party and/or non-party that is being notified with at least ten (10) days' notice before production or other disclosure of the Confidential/AEO material. In no event shall production or disclosure be made before notice is given. If the party claiming confidentiality makes a motion to quash or modify the subpoena or order, then the party, person or entity receiving the subpoena or order shall comply with applicable law or the order of the court having jurisdiction over such subpoena, order, or motion.  If no such

8

motion is made, despite a reasonable opportunity to do so, the party, person or entity receiving the subpoena or order is entitled to comply with it.

15.     <u>Return or Destruction of Information.</u>  Within thirty (30) days of the termination of this Action (including the later of the expiration of all appeal periods and/or the approval by the Court of a settlement agreement executed by the Parties that finally disposes of this Action), counsel of record for the Parties shall secure the return or destruction of all Litigation Material designated Confidential/AEO and all copies thereof and notes, abstracts or summaries made therefrom, including written confirmation to the Producing Party that the Confidential/AEO information, including all copies, was deleted from any litigation-support or other database, from all persons to whom such materials were disclosed under the terms of this Stipulation, and shall destroy them or return them to counsel for the party who initially produced the Litigation Material, except that counsel may retain their work-product, copies of Court filings and official transcripts and exhibits, provided that the Confidential/AEO information contained therein will continue to be treated as provided herein. If the Receiving Party chooses to destroy the Confidential/AEO information rather than returning it, the Receiving Party must certify in writing to the Producing Party that all such information has been destroyed.

16.     <u>No Waiver.</u>  The procedures set forth herein shall not affect the rights of the Parties to object to the production of documents, testimony or other materials on grounds other than those related to trade secrets or proprietary information, nor shall it relieve a party of the necessity of providing proper responses to discovery requests.  Furthermore, nothing in this Order shall require the production of documents, things or other information that any party contends is protected from disclosure by the attorney-client privilege or the work-product doctrine.

17.     <u>No Effect on Admissibility.</u>  Nothing in this Order shall be construed to affect the

admissibility of any document, material, or information at any trial or hearing.

18.    <u>Privileged Material.</u>    The production of privileged or work-product protected documents, electronically stored information ("ESI"), or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulation shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

19.    <u>Miscellaneous.</u>    Entering into or otherwise complying with this Stipulation or producing or receiving Confidential/AEO Litigation Material shall not:

(a)    prevent any Party or non-party from using in this or any other matter, or disclosing to any person or entity as it deems appropriate, its own Confidential/AEO Information, and any such use or disclosure shall not be deemed a waiver of any Party's or non-party's rights or obligations under this Stipulation;

(b)    prevent any Party or non-party from using in this or any other matter, or disclosing to any person as it deems appropriate, any information that: (i) was publicly available or generally known at the time of disclosure, (ii) became publicly available or generally known after the time of disclosure through no fault of any Receiving Party, (iii) was known or possessed at the time of disclosure by the Receiving Party intending to use the information, (iv) was received from a third party who was under no obligation of confidentiality to the Producing Party, or (v) was developed independently of the disclosure; and

(c)    operate as an admission that any particular Confidential/AEO Litigation

10

Material contains, reflects or otherwise discloses any type of trade secret information, or other Confidential/AEO information.

20.    <u>Amendments.</u>  The provisions of this Stipulation may be modified by agreement of the Parties, and this Stipulation is without prejudice to the rights of any Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

21.    <u>No Probative Value.</u>  The fact that a document, item or information is designated as Confidential/AEO shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any Party to bring before the Court the question of: (i) whether any particular information is or is not Confidential/AEO; (ii) whether any particular information is or is not entitled to a greater or lesser degree of protection than provided in this Order; or (iii) whether any particular information is or is not relevant to any issue of this case.  Absent a stipulation of all parties, or a court order, the fact that information has been designated Confidential/AEO under this Order shall not be admissible during the trial of this Action, and the jury shall not be advised of such designation.

22.    <u>Court's Jurisdiction.</u>  The Court retains jurisdiction to make such amendments to this Stipulation as the Court deems appropriate. The provisions of this Stipulation regarding the use and/or disclosure of Confidential/AEO Litigation Material shall survive the termination of this Action, and the Court shall retain jurisdiction with respect to interpreting and enforcing the provisions of this Order.

23.    <u>Written Notice.</u>  Written notice provided under this Order shall be by email to all counsel of record for all parties and by any means designated by counsel for any non-parties or to the non-parties if they are unrepresented by counsel.  If no designation is made by counsel for any

non-parties or to the non-parties if they are unrepresented by counsel, email shall be deemed sufficient written notice under this Paragraph and this Stipulation.

    24.   <u>Counterparts.</u>  This Stipulation may be executed in counterparts.

Dated: August 6, 2025

**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**

By: */s/ William A. Ladnier*
    Mitchell M. Breit
    405 E. 50th Street
    New York, NY 10022
    Tel: (630) 796-0903
    mbreit@milberg.com

    Adam A. Edwards
    William A. Ladnier
    Virginia Ann Whitener
    **MILBERG COLEMAN BRYSON
    PHILLIPS GROSSMAN PLLC**
    800 S. Gay Street, Suite 1100
    Knoxville, TN 3 7929
    Tel: (865) 247-0080
    Fax: (865) 522-0049
    aedwards@milberg.com
    wladnier@milberg.com
    gwhitener@milberg.com

    Andrea R. Gold
    David A. McGee
    **TYCKO & ZAVAREEI LLP**
    2000 Pennsylvania Avenue NW, Suite 1010
    Washington, DC 20006
    Tel: (202) 973-9000
    agold@tzlegal.com
    dmcgee@tzlegal.com

    *Counsel for Plaintiff Robert Macioce and the
    Proposed Class*

**GREENBERG TRAURIG, LLP**

By: */s/ Nilda M. Isidro*
    Richard A. Edlin
    Glenn S. Kerner
    Nilda M. Isidro
    One Vanderbilt Avenue
    New York, NY 10017
    (212) 801-9200
    edlinr@gtlaw.com
    glenn.kerner@gtlaw.com
    nilda.isidro@gtlaw.com

    *Attorneys for Defendant Hisense USA
    Corporation*

SO ORDERED:

_____          Dated: _August 6, 2025_____
HON. PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE