

Nilda M. Isidro
Tel 212.801.9200
Fax 212.801.6400
Nilda.Isidro@gtlaw.com

August 15, 2025

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *Macioce v. Hisense USA Corporation*, No. 25-cv-01608 (PAE) (BCM) —
            Letter Motion Requesting Permission to Seal Exhibit

Dear Judge Engelmayer:

    On behalf of Defendant Hisense USA Corporation ("Hisense"), we write pursuant to Your Honor's Individual Practice Rule 4(B)(2) ("Rule 4(B)(2)"), Section 6 of the ECF Rules & Instructions, and the Stipulated Confidentiality and Protective Order (the "Confidentiality Order," ECF No. 40) to request permission to seal one exhibit submitted in connection with Hisense's Motion to Compel Arbitration (the "Motion") that contains Hisense's commercially sensitive information. In accordance with Rule 4(B)(2), Hisense is concurrently filing under seal a copy of the exhibit. As detailed below, the proposed sealing protects Hisense's commercially sensitive and proprietary business information, the disclosure of which would be likely to cause commercial injury.

    While we are respectful of the presumption of public access that attaches to "judicial documents" submitted in judicial proceedings, courts have long recognized that a litigant like Hisense does not blanketly waive genuine confidentiality and privacy interests by seeking to vindicate its rights through judicial processes. For those reasons, the Court must consider whether "countervailing factors" or "higher values" overcome the rebuttable presumption of public access. *See, e.g., Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 70 (2d Cir. 2023) (holding that "district court erred in failing to consider and give appropriate weight to the 'countervailing factors' at issue" and that such factors defeated presumption of access); *Standard Inv. Chartered, Inc. v. Fin. Indus. Reg. Auth.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming finding that presumption of access was overcome where disclosure of "confidential business information" may cause "competitive disadvantage").

    In connection with the Motion, Hisense seeks to seal Exhibit A to the Declaration of Jianchun Zhang, which contains a log of the unique OSSN (also known as a "device ID") assigned to Plaintiff Robert Macioce's television as well as product improvement logs associated with the television. This document was marked "Confidential" pursuant to the Confidentiality Order. The information in this exhibit is derived from proprietary computer code and would provide competitors with insight into how Hisense's televisions operate. Hisense maintains this information as confidential and its secrecy is a competitive asset. Courts consistently grant similar

Greenberg Traurig, LLP | Attorneys at Law
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com

Hon. Paul A. Engelmayer
August 15, 2025
Page 2

requests to seal where, as here, the proposed sealing is narrowly tailored and public disclosure of Hisense's "confidential technical information . . . could allow competitors an unfair advantage, and would thus be highly prejudicial to [Hisense]." *Kewazinga Corp. v. Microsoft Corp.*, No. 18-CV-4500, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (granting in large part motions to redact and seal documents and exhibits where privacy interests and risk of competitive harm outweighed the presumption of public access); *Personalized Media Comm'cns, LLC, v. Netflix, Inc.*, No. 20-CV-03708, 2020 WL 7093892 (S.D.N.Y Nov. 20, 2020) (granting defendant's motion to redact sections of documents that contained defendant's source code, noting that this was "highly confidential, competitively sensitive information"); *Avocent Redmond Corp. v. Raritan Ams., Inc.*, No. 10-CV-6100, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) ("The parties may file the following documents under seal because they include . . . confidential source code . . . the disclosure of which could unfairly allow competitors to develop competing products"); *see also* Individual Practice Rule 4(B)(1) (permitting sealing and/or redactions of "proprietary or trade secret information" without prior court authorization).

Additionally, the proposed sealing is narrowly tailored to prevent only the competitive harm that Hisense would risk by public disclosure of the television's OSSN and product improvement logs. The other exhibits to Mr. Zhang's declaration, which are not competitively sensitive, remain unredacted and visible to the public. *See, e.g., W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, No. 21-CV-11003, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022) (granting motion to redact proprietary and commercially sensitive information where the "scope of the proposed redactions is reasonable and narrowly tailored to cover only the sensitive information that could lead to competitive disadvantage if disclosed.").

For the foregoing reasons, Hisense respectfully requests that the Court grant this letter motion and permit Hisense to file the exhibit at issue under seal.

Respectfully submitted,

/s/ Nilda M. Isidro
Nilda M. Isidro

cc:    All Counsel of Record (via ECF)

The Court authorizes defendant Hisense USA Corporation ("Hisense") to file, on the public record, a redacted version of Exhibit A, and to file it under seal in unredacted form.  For the avoidance of doubt, the Court denies Hisense's motion to dismiss without prejudice to renewal upon the Court's decision resolving Hisense's motion to compel arbitration.  The Clerk of Court is respectfully directed to terminate the motions pending at Dockets 19, 23, and 41.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

August 18, 2025
New York, New York

Greenberg Traurig, LLP | Attorneys at Law
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com